**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 22, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1772**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV366

IN COURT OF APPEALS
DISTRICT IV

---

BRADLEY J. HERING AND KERRY L. HERING,

    PLAINTIFFS-APPELLANTS,

CITY OF WATERTOWN, UNITED WISCONSIN INSURANCE COMPANY BY CLAIMS ADMIN. AF GROUP AND QUARTZ HEALTH BENEFIT PLANS CORPORATION,

    INVOLUNTARY-PLAINTIFFS,

  V.

RURAL MUTUAL INSURANCE COMPANY AND EDWARD BRUENIG,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Jefferson County: BENNETT J. BRANTMEIER, Judge. *Reversed and cause remanded for further proceedings*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Bradley Hering ("Hering") and Kerry Hering (collectively, "the Herings") appeal a circuit court order that granted summary judgment in favor of Edward Bruenig and his insurer, Rural Mutual Insurance Company ("Rural Mutual").[1]  The Herings sued Bruenig for injuries that Hering sustained while descending the front steps of a private residence owned by Bruenig.  The court dismissed the Herings' claims because it concluded that the claims were time barred by the statute of repose, WIS. STAT. § 893.89 (2021-22).[2]  The Herings argue that the court erred because Bruenig failed to show on summary judgment that Hering's injuries were caused by a "deficiency or defect in the design … [or] construction of [an] improvement to real property," as required to invoke the statute of repose.  *See* § 893.89(2).  We agree.  Accordingly, we reverse the circuit court's summary judgment order.

## BACKGROUND

¶2     The following facts are derived from the parties' summary judgment materials and are undisputed for purposes of summary judgment unless otherwise noted.[3]

---

[1]  We generally refer to Bruenig and Rural Mutual collectively as "Bruenig."  As should be clear from the context, we also sometimes use "Bruenig" to refer to Edward Bruenig individually.

[2]  All references to the Wisconsin Statutes are to the 2021-22 version.

[3]  The respondents' appellate brief does not comply with WIS. STAT. RULE 809.19(8)(bm), which states that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover."  This rule was amended in 2021, *see* S. CT. ORDER 20-07 (eff. July 1, 2021), because briefs are now electronically filed in

(continued)

2

¶3      Hering, while on duty as a firefighter, injured his knee while carrying a child out of a private residence and down the three concrete steps at the front of the residence.  The bottom step was approximately 10 or 11 inches in height; in comparison, the top two steps were approximately 6.5 inches in height.  The bottom step violated WIS. ADMIN. CODE § SPS 321.04(2)(b)2. (May 2022), which requires riser heights to not exceed eight inches.

¶4      At the time of Hering's injury, the residence was a rental property that Bruenig owned and that Rural Mutual insured.  Bruenig bought the residence in 2016 from Andrew Seeber, who owned the property when the residence was constructed in 1997.  The concrete front steps were constructed at the same time that the residence was constructed.  A concrete walkway leading to the steps was constructed in 1999, approximately two years after the residence was constructed.  As discussed below, the walkway is relevant because the evidence shows that the height of the bottom step increased over time as the walkway leading up to the steps settled.

¶5      Following the injury, the Herings sued Bruenig, alleging negligence; violation of Wisconsin's safe place statute, WIS. STAT. § 101.01; and loss of society and companionship.[4]  The complaint alleges that Hering's injuries were

PDF format and are electronically stamped with page numbers when they are accepted for e-filing.  As our supreme court explained in amending the rule, the pagination requirement ensures that the numbers on each page the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief.  S. CT. ORDER 20-07.

[4] The Herings also allege that Rural Mutual violated WIS. STAT. § 628.46 by failing to timely pay the Herings' insurance claim.  Separately, we note that there are a number of involuntary plaintiffs, whose involvement is not relevant for purposes of this appeal.

3

caused by the height of the bottom step—that is, the distance between the walkway and the top of that step.

¶6      Bruenig moved for summary judgment, arguing that the Herings' claims are time barred by the statute of repose, WIS. STAT. § 893.89, because they were brought more than seven years after the walkway and steps were substantially completed and because any injuries that Hering sustained would have been caused by a structural defect of the steps or walkway.  The circuit court granted Bruenig's motion.  The court did so based on three facts that it characterized as undisputed:  that the walkway was constructed in 1999, that the walkway "existed through 2019 with no changes," and that "the condition of the height of the risers of the steps and changes to a cement stoop step[] over time would be a settling, which would go to the construction of the steps at the time."

¶7      The Herings appeal.

## DISCUSSION

### I.      Standard of Review.

¶8      This case was decided on summary judgment.  "We review summary judgments independently, employing the same methodology as the trial court." **Rosario v. Acuity & Oliver Adjustment Co.**, 2007 WI App 194, ¶7, 304 Wis. 2d 713, 738 N.W.2d 608.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2).  "[W]e draw all reasonable inferences from the evidence in the light most favorable to the non-moving party."  **Pum v. Wisconsin Physicians Serv.**

4

*Ins. Corp.*, 2007 WI App 10, ¶6, 298 Wis. 2d 497, 727 N.W.2d 346. The moving party "has the burden of establishing the absence of a factual dispute and entitlement to judgment as a matter of law." *Park Bancorporation, Inc. v. Sletteland*, 182 Wis. 2d 131, 141, 513 N.W.2d 609 (Ct. App. 1994); *see also* *Heck & Paetow Claim Serv., Inc. v. Heck*, 93 Wis. 2d 349, 356, 286 N.W.2d 831 (1980) ("The party moving for summary judgment must … establish a record sufficient to demonstrate … that there is no triable issue of material fact on any issue presented.").

¶9 This appeal also requires us to interpret WIS. STAT. § 893.89, which is a question of law we review de novo. *Mair v. Trollhaugen Ski Resort*, 2006 WI 61, ¶15, 291 Wis. 2d 132, 715 N.W.2d 598.

> II. *Bruenig is not entitled to summary judgment because he did not establish that Hering's injuries were caused by a deficiency or defect in the design or construction of the steps or walkway.*

¶10 WISCONSIN STAT. § 893.89 "is a statute of repose that sets forth the time period during which an action for injury resulting from improvements to real property must be brought." *Kohn v. Darlington Cmty. Schs.*, 2005 WI 99, ¶13, 283 Wis. 2d 1, 698 N.W.2d 794. Section 893.89(2) provides, in relevant part:

> [N]o cause of action may accrue and no action may be commenced … against the owner … of the property … after the end of the exposure period, to recover damages … for any injury to the person, … arising out of any deficiency or defect in the design … [or] the construction of … the improvement to real property.

The statute defines "exposure period" as "the 7 years immediately following the date of substantial completion of the improvement to real property." Sec. 893.89(1). Thus, as relevant here, the statute bars actions for injuries that

arise out of deficiencies or defects in the design or construction of improvements to real property, when those actions are brought more than seven years after substantial completion of the improvements. However, § 893.89 does not apply to "[a]n owner or occupier of real property for damages resulting from negligence in the maintenance, operation or inspection of an improvement to real property." Sec. 893.89(4)(c).

¶11    The parties do not dispute that the steps and the walkway are both "improvements to real property." Nor do they dispute that this action was brought more than seven years after the substantial completion of the steps and the walkway. Rather, the parties dispute whether Hering's injuries arose out of a deficiency or defect in the design or construction of either the steps or the walkway. The Herings argue that Bruenig is not entitled to summary judgment because Bruenig did not establish that a design or construction deficiency or defect caused Hering's injuries.[5]  We agree.

---

[5] The parties frame the issue as whether Bruenig showed on summary judgment that Hering's injuries resulted from a "structural defect." This language, however, does not come from WIS. STAT. § 893.89, but instead from case law that addresses the applicability of § 893.89 to particular types of claims brought under Wisconsin's safe place statute, WIS. STAT. § 101.11. *See, e.g.*, **Mair v. Trollhaugen Ski Resort**, 2006 WI 61, ¶21, 291 Wis. 2d 132, 715 N.W.2d 598 (defining a "structural defect" as "'a hazardous condition inherent in the structure by reason of its design or construction'" (quoting **Barry v. Employers Mut. Cas. Co.**, 2001 WI 101, ¶28, 245 Wis. 2d 560, 630 N.W.2d 517)). Although the Herings do allege that Bruenig violated the safe place statute, they also allege additional causes of action. Thus, for analytical clarity, we frame the issue, using § 893.89(2)'s language, as whether Hering's injuries were caused by a deficiency or defect in the design or construction of the steps or the walkway. Relatedly, § 893.89(2) bars actions to recover for injuries arising out of a number of different types of "deficienc[ies] or defect[s]." In moving for summary judgment and on appeal, Bruenig does not specify the type of deficiency or defect that caused Hering's injuries. Instead, he argues that they were caused by a "structural defect." We assume that Bruenig's "structural defect" language refers to the language in § 893.89(2) regarding a deficiency or defect "in the design" or "the construction" of the walkway or steps, and we frame the issue accordingly.

¶12    Critically, there is no genuine dispute about the fact that the walkway settled after it was constructed.  To be sure, Bruenig does not explicitly concede that this is undisputed.[6]  However, the undisputed facts show that when the concrete walkway was constructed, the distance between the walkway and the bottom step was similar to the height of the other steps, and that the height of the bottom step relative to the walkway increased over time as the walkway settled. Photographs of the steps taken around the time that Hering was injured show a light-colored, horizontal line running across the bottom riser, parallel to where the riser meets the walkway, a few inches above the walkway.  Both Bruenig and Seeber, the prior property owner, testified in depositions that this line shows where the walkway originally met the steps when the walkway was constructed, and there is no evidence in the summary judgment materials that suggests otherwise. In other words, there is no evidence to suggest that the height of the bottom step relative to the walkway was the same at the time of the walkway's construction as it was when Hering was injured.

¶13    The fact that the walkway settled is material because, as stated, the Herings allege that Hering's injuries were caused by the height of the bottom step. Because it is not genuinely disputed that the height of the bottom step resulted from the walkway settling over time, to be entitled to summary judgment based on the statute of repose, Bruenig needed to identify evidence showing that the

---

[6] Bruenig argues that "the stairs and walkway existed unmodified since their construction."  However, he appears to be arguing that the steps or walkway were not actively altered.  To the extent that he intends to argue that the height of the bottom step relative to the walkway did not increase after the walkway's construction, he provides no support for this argument.  Moreover, we must draw all reasonable inferences from the evidence in the Herings' favor, and the evidence supports a reasonable inference that the walkway settled after it was constructed.  *See* ***Pum v. Wisconsin Physicians Serv. Ins. Corp.***, 2007 WI App 10, ¶6, 298 Wis. 2d 497, 727 N.W.2d 346.

walkway settled because of a deficiency or defect in its design or construction.[7] Bruenig did not do so.

¶14    Bruenig argues on appeal that, to the extent that the walkway settled, it did so "because of how it was supported; a condition inherent in its design and construction," and "because it was designed or constructed without a sufficient foundation to prevent settlement." Similarly, before the circuit court, he argued that "if the riser height was nonconforming because the [walkway] settled, it is because it lacked a good base or proper soil compaction at the time of its construction 25 years ago." However, Bruenig does not point to any evidence in the summary judgment materials that shows, or from which one must infer, that the walkway was deficient or defective in its design or construction. Instead, Bruenig assumes, without explanation, that the only reasonable inference from the evidence in the summary judgment materials is that the walkway settled because it was deficiently or defectively designed or constructed.

¶15    Bruenig's assertions, without supporting evidence, are insufficient to entitle him to summary judgment. Bruenig does not direct us to any evidence in the summary judgment materials showing that the walkway settled because of a deficiency or defect in the walkway's design or construction, and he thus has not shown that Hering's injuries were caused by such deficiency or defect. As a result, he has not "establish[ed] a record sufficient to demonstrate … that there is

---

[7] Bruenig contends that the burden is on the Herings to present evidence supporting the application of WIS. STAT. § 893.89(4)(c)'s exception. However, as the party invoking an affirmative defense on summary judgment, the burden is on Bruenig to establish that § 893.89(2) applies. *See Transportation Ins. Co. v. Hunzinger Const. Co.*, 179 Wis. 2d 281, 290, 507 N.W.2d 136 (Ct. App. 1993); *see also Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶22, 241 Wis. 2d 804, 623 N.W.2d 751 ("If the defendant is the moving party the defendant must establish a defense that defeats the plaintiff's cause of action.").

no triable issue of material fact." *Heck*, 93 Wis. 2d at 356. As summarized above, we must make all reasonable inferences in the Herings' favor. The Herings argue that "the evidence demonstrates [Hering's] injuries were caused by Bruenig's failure to maintain the walkway that was deteriorated by normal natural forces over the course of two decades in the extremes of Wisconsin weather." In the absence of a showing from Bruenig as to what caused the walkway to settle, this is a reasonable inference that precludes summary judgment. *See Schmidt v. Northern States Power Co.*, 2007 WI 136, ¶47, 305 Wis. 2d 538, 742 N.W.2d 294 ("[I]f more than one reasonable inference can be drawn from the undisputed facts, summary judgment is not appropriate.").[8]

¶16 Bruenig argues that our decision in *Rosario* compels the conclusion that the Herings' claims are barred by the statute of repose. We disagree.

¶17 In *Rosario*, the plaintiff was injured while negotiating a three-inch-high step as she left an office building. *Rosario*, 304 Wis. 2d 713, ¶2. The step violated the Wisconsin Building Code, and Rosario sued the company that owned the building, alleging negligence and a violation of Wisconsin's safe place statute, WIS. STAT. § 101.11. *Rosario*, 304 Wis. 2d 713, ¶¶2-3. The owner moved for summary judgment, arguing that WIS. STAT. § 893.89 barred Rosario's safe place claim. *Id.*, ¶4. Specifically, the owner relied on *Mair*. *Rosario*, 304 Wis. 2d 713, ¶4. In *Mair*, our supreme court "conclude[d] that § 893.89 bars safe place claims

---

[8] Bruenig points to evidence showing that the walkway settled within a couple years of being constructed. Although the timing of the settling might be relevant in determining whether design or construction deficiencies or defects could be inferred, Bruenig does not argue that this timing requires an inference that the settling resulted from construction or design deficiencies or defects. Instead, he argues that, because the settling occurred before Bruenig owned the property, Bruenig could not have prevented the settling. In any event, there is conflicting evidence on when the settling occurred, thereby creating a genuine dispute on this topic.

9

resulting from injuries caused by structural defects, but not by unsafe conditions associated with the structure." *Mair*, 291 Wis. 2d 132, ¶29. In *Rosario*, we relied on *Mair* to conclude that Rosario's safe place claim was barred under the statute of repose "[b]ecause it [was] uncontroverted that the defectively designed and constructed front step to [the] building ha[d] been in an unchanged condition" since it was constructed 40 years before Rosario's injury. *Rosario*, 304 Wis. 2d 713, ¶¶22-23.

¶18    Bruenig argues that "this case is exactly like" *Rosario*, and that "complaints of an improper or nonconforming riser height allege a structural defect or deficiency inherent to the step itself and are subject to [WIS. STAT. § 893.89]."[9] *Rosario*, however, is easily distinguishable on the material points.

¶19    As mentioned, in *Rosario*, the height of the step had not changed since it was constructed. *Rosario*, 304 Wis. 2d 713, ¶¶22, 25. Therefore, it was self-evident in that case that the step was deficient or defective because of its design or construction and that WIS. STAT. § 893.89 thus applied. *See id.* As a result, we concluded that the undisputed facts "demonstrate[d] that Rosario's injuries were caused by the defective structural design of the front step." *Id.*, ¶19. Here, however, there is no genuine dispute that the walkway settled after it was

---

[9] In contrast to *Rosario v. Acuity & Oliver Adjustment Co.*, 2007 WI App 194, 304 Wis. 2d 713, 738 N.W.2d 608, in which we specifically addressed WIS. STAT. § 893.89's application to safe place claims, here, the Herings plead additional causes of action. Bruenig does not address this distinction and apparently assumes that if § 893.89 bars the Herings' safe place claim, then it also bars any other claims arising from those same facts. We note that whether § 893.89 applies depends on the cause of the alleged injury rather than on the legal claim pled, but we do not otherwise address this distinction: even assuming that Bruenig's assumption is correct, *Rosario* is distinguishable.

constructed, and there is no evidence that this settling occurred due to deficient or defective design or construction.

¶20    Bruenig also relies on our decision in ***Pauli v. Safeco Ins. Co. of Am.***, No. 2014AP2820, unpublished slip op. (WI App Aug. 19, 2015). ***Pauli*** is unpublished and thus not controlling. It is also distinguishable for the same reason that ***Rosario*** is. In ***Pauli***, the plaintiff was injured while going down steps that had uneven riser heights and that were not illuminated because there was no functional exterior light. ***Pauli***, No. 2014AP2820, ¶¶16, 17, 20. Bruenig relies on our conclusion that "Pauli's lawsuit could not be maintained, based upon the statute of repose, if the evidence showed that the defect in the stairs was the sole cause of Pauli's injury." ***Id.***, ¶23. Bruenig's reliance on this language is misplaced. In ***Pauli***, as in ***Rosario***, and unlike here, there is no indication that the height of the steps changed over time; rather, the steps in those cases had uneven riser heights since their construction. *See **Pauli***, No. 2014AP2820, ¶7 (stating that the steps had not been modified since the late 1970s). In addition, we concluded that summary judgment in favor of the owners was not appropriate under WIS. STAT. § 893.89 because Pauli's injuries could have been caused by the lack of proper lighting, which in turn could be considered negligent maintenance that would fall under § 893.89(4)(c)'s exception to § 893.89(2)'s time bar. ***Id.***, ¶23; *see also* § 893.89(4)(c) (providing an exception for negligent maintenance of real property improvements).

¶21    Bruenig further argues that he is entitled to summary judgment under the reasoning of ***Heintz v. Hanson***, No. 2015AP1790, unpublished slip op. (WI App June 14, 2016), which the circuit court concluded was analogous. ***Heintz***, like ***Pauli***, is unpublished and therefore not controlling, and is readily distinguishable as well. In ***Heintz***, a renter sued his landlord (among others) to

11

recover for injuries that he sustained when a second-story deck attached to the duplex that he was renting collapsed. *Heintz*, No. 2015AP1790, ¶¶2-3. The landlord moved for summary judgment, contending that the renter's action was barred by WIS. STAT. § 893.89. *Id.*, ¶4. The circuit court granted summary judgment, which we affirmed. *Id.*, ¶¶3, 8, 29. It was undisputed that the deck was structurally defective when it was built. *Id.*, ¶¶18, 20. Specifically, the deck's ledger board was attached to the residence using inadequate fasteners, it was attached on top of the siding rather than directly to the residence, and there was no flashing around the ledger board. *Id.*, ¶¶5-7, 20.

¶22 The renter argued that "a reasonable jury could [have] conclude[d] the defendants' failure to discover and repair the deck's rusted nails and rotting wood constituted negligent inspection and maintenance," thus rendering WIS. STAT. § 893.89(2) inapplicable. *Id.*, ¶19. We disagreed, concluding that "structural defects rendered the deck unsafe from the date of construction, and the same defects also caused its condition to worsen over time." *Id.*, ¶20. We reasoned that "the defect and subsequent deterioration cannot be distinguished and analyzed separately for statute of repose purposes." *Id.*

¶23 Bruenig argues that here, "[i]f the walkway settled, it did so because of how it was supported; a condition inherent in its design and construction analogous to the faulty components used to attach the deck to the house in *Heintz*." In *Heintz*, however, the landlord established on summary judgment that the deck deteriorated because of how it was constructed. For example, the landlord's expert witness testified at a deposition about the various structural defects that caused the deck to deteriorate and eventually collapse, summarized above, all of which led him to opine that the deck was a "failure waiting to happen." *Id.*, ¶5. As a result, in *Heintz* we concluded that it was "not a case in

12

which a well-constructed deck deteriorated over time due to the defendants' failure to inspect and maintain it." *Id.*, ¶20. In contrast, here, Bruenig does not direct us to evidence on summary judgment that shows that the walkway settled as a result of deficiencies or defects in its design or construction.

¶24 In sum, Bruenig did not carry his burden on summary judgment. He did not establish that Hering's injuries were caused by a deficiency or defect in the design or construction of the walkway or steps, and therefore he has not established as a matter of law that WIS. STAT. § 893.89 bars the Herings' claims.[10]

**CONCLUSION**

¶25 For the reasons stated, we conclude that Bruenig is not entitled to summary judgment on the Herings' claims. Accordingly, we reverse the circuit court's summary judgment order and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[10] The parties also dispute whether WIS. STAT. § 893.89(4)(c)'s exception to the statute of repose applies. Because we conclude that Bruenig has not established in the first place that the statute of repose bars the Herings' claims, we need not reach that issue.